JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
JUDY PARK, on behalf of herself and all others similarly situated

## DEFENDANTS
COMCAST CABLE COMMUNICATIONS, LLC d/b/a XFINITY

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David P. Mitchell, Esq., Maney & Gordon, PA, 101 E. Kennedy Blvd., Suite 1700, Tampa, FL 33602  813-221-1366

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☒ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations / ☐ 862 Black Lung (923) | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE:                                                                        DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
47 USC Section 227 - Telemarketing Harrassment
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE: 5/27/2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ David P. Mitchell, Esquire

**FOR OFFICE USE ONLY : RECEIPT #**          AMOUNT          IFP          JUDGE          MAG JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JUDY PARK, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs<br><br>COMCAST CABLE COMMUNICATIONS, LLC d/b/a XFINITY,<br><br>    Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff JUDY PARK ("Plaintiff"), individually and on behalf of all others similarly situated (the "Classes," as defined below), upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against Defendant, COMCAST CABLE COMMUNICATIONS, LLC d/b/a XFINITY ("XFINITY" or "Defendant") for statutory damages and injunctive relief, demands a trial by jury, and alleges as follows:

**NATURE OF THE ACTION**

1.  This is a class action brought under the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.,* and the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. § 559.55 *et seq.*, for the benefit of Florida consumers whose

1

rights have been violated by Comcast Cable Communications, LLC d/b/a Xfinity. ("Defendant").

2. Defendant has engaged in and continues to engage in two separate courses of conduct that violate the TCPA and FCCPA. *First*, Defendant or its agents initiated a debt collection text messaging campaign using an "automatic telephone dialing system" as defined by the TCPA ("ATDS") to deliver impersonal, prewritten debt collection text messages to Plaintiff's and Class members' wireless telephone numbers without their prior express consent, even after ignoring demands to stop sending such text messages. That conduct violates the TCPA, 47 U.S.C. §227(b)(1)(A).

3. *Second,* Defendant or its agents attempted to collect a debt from a consumer that did not or never has had an account with Defendant and alleged there is an obligation of debt when the consumer owes the Defendant no debt. This conduct violates Fla. Stat. § 559.72(9).

4. Plaintiff and the Classes were injured as a direct and proximate result of Defendant's violation of the TCPA and FCPA.

5. Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendant's actions in violation of the TCPA and FCCPA, and to permanently enjoin Defendant's violations of the TCPA and the FCCPA.

6. Because Defendant's unlawful acts were and are knowing and willful, Plaintiff and the Classes are entitled to treble damages of up to $1,500 for each violation of the TCPA.

## THE PARTIES

7. Judy Park ("Plaintiff") is a natural person who at all relevant times resided in Palm Beach County, Florida.

8. Plaintiff is allegedly obligated to pay a debt asserted to be owed or due to the Defendant.

9. Plaintiff's alleged obligation asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, utility bills (the "Debt").

10. Plaintiff is a "[d]ebtor" as defined by Fla. Stat. § 559.55(8).

11. Defendant is an Internet, Telephone and Communications Provider, headquartered in Philadelphia, PA, that provides services throughout the United States to consumers and businesses.

12. As a corporation, Defendant is a "person" subject to the FCCPA. *See, e.g.*, *Kelly v. Davis*, No. 3:10CV392-MW/EMT, 2014 WL 12515345, at *8 (N.D.

3

Fla. July 17, 2014) ("The Town Council is a corporation, and is therefore a 'person' subject to the FCCPA.").

13. Defendant is a for-profit and non-charitable entity that is authorized by the Florida Secretary of State to do business in Florida and maintains a registered agent for service of process in Florida.

## VENUE

16. Venue is proper in this District under 28 U.S.C. §1391.

### THE TELEPHONE CONSUMER PROTECTION ACT

17. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA vests the FCC with authority to issue regulations implementing the TCPA.[1]

18. Section 227(b)(1)(A) of the TCPA makes it a violation to initiate calls or text messages to wireless phone numbers using an automatic telephone dialing system or prerecorded message without the called party's prior express consent.

### The Florida Consumer Collection Practices Act

19. The FCCPA is a state consumer protection statute, modeled after the

---

[1] *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (July 3, 2003).

FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.[2]

20. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.[3]

21. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).[4]

22. The FCCPA prohibits a person from collecting consumer debt by Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such

---

[2] *See* 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)
[3] *See* 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).
[4] *See* 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

person knows that the right does not exist.[5]

## STATEMENT OF FACTS

23. DEFENDANT advertises itself as a national telecommunications company.

24. Plaintiff is the owner, regular user and subscriber of wireless telephone number (904) 431-9677.

25. Plaintiff has never had an account with Defendant.

26. In 2021, DEFENDANT began transmitting automated, prewritten text messages to Plaintiff's cellular telephone number from the short code SMS number 266278. The messages sent by DEFENDANT on said date stated that a past due balance was owed on "your Xfinity account" and to "please your bring Xfinity account up to date and to pay at https://customer.xfinity.com/lite." The messages also designated that the process for requesting that DEFENDANT cease sending further messages was to respond by sending the word "STOP" to the short code number 266278.

27. After receiving the first of these text messages, Plaintiff sent the designated "STOP" request to the short code 266278. Defendant sent a follow-up automated response acknowledging receipt of Plaintiff's request to be removed from

---

[5] *See* Fla. Stat. § 559.72(9).

the text messaging list.

28. Despite Plaintiff having sent the designated "Stop" request, DEFENDANT proceeded undeterred with its campaign of sending prewritten, impersonal automated text messages to Plaintiff's cellular telephone number from the short code number 266278.

29. In total, DEFENDANT sent more than ten (10) automated prewritten text messages to Plaintiff's cellular telephone within the past four years even after Plaintiff sent a text message requesting that DEFENDANT stop sending text messages. These text messages were annoying to Plaintiff and disturbed her privacy.

30. DEFENDANT sent each of the offending text messages to Plaintiff from the short code number 266278, which was shown on Plaintiff's caller ID.

31. The short code number 266278 is owned by DEFENDANT.

32. The ATDS used by DEFENDANT to send the offending debt collection text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. Specifically, the dialing system consists of software and hardware equipment used in tandem, including a server component which has the built-in function to generate random and/or sequential number tables and automatically dial the numbers populated within those tables. It therefore has the requisite *capacity* to perform the

statutory functions of an ATDS.

33. Additionally, the dialing system used by DEFENDANT automatically selects and dials the telephone numbers that are included in a given text messaging campaign, including the telephone numbers to which the text messages at issue were sent.

34. Defendant never had consent to text message Plaintiff as Plaintiff never had an account with Defendant.

35. Even if Defendant mistakenly believed it originally had the requisite consent to send automated text messages to Plaintiff, that consent was revoked when Plaintiff texted the designated "stop" command to Defendant.

36. Each of the text messages sent by DEFENDANT to Plaintiff's cellular telephone number were automated messages consisting of impersonal, prewritten scripts. These impersonal, prewritten messages were not subject to dialogue or questioning, and were not from a "live" person. These messages were sent to Plaintiff and others for the purpose of collecting/reminding of past due debts.

37. DEFENDANT is liable to Plaintiff and the Classes she represents for violations of the TCPA, which violations directly and proximately caused Plaintiff and the Classes injury and damages.

## **CLASS ACTION ALLEGATIONS**

38. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on her own behalf and behalf of the following Classes of similarly-situated persons defined as follows:

> 1. **National Text Message Class:** All wireless telephone subscribers in the United States who from March 16, 2018 to the present (the "Class Period") were sent, without their prior express consent, a text message from DEFENDANT to their cellular telephone numbers.
>
> 2. **Florida FCCPA Class**: All persons in the state of Florida who from March 16, 2020 to the present (the "Class Period") (1) who never owed a debt to Defendant (2) received debt collection text messages from DEFENDANT or its agent within any twenty-four month period.

Excluded from the Classes are persons who provided prior express consent to receive text messages from DEFENDANT, unless that prior express consent had been revoked. Further excluded are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of her/her immediate family and judicial staff, and any juror assigned to this action.

39. The Classes satisfy the Fed. R. Civ. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

40. Plaintiff does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of Defendant

and its agents. However, Plaintiff reasonably believes that the Classes encompass at minimum many thousands of consumers.

41. Plaintiff and all members of the Classes have been harmed by the unlawful acts of Defendant. Plaintiff's and the Classes' privacy was violated and they were subject to annoying and harassing text messages.

42. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The identities of the Class members can be readily ascertained from DEFENDANT and its agents' call records.

43. There are well-defined, nearly identical, questions of law and fact affecting all parties. Common question of law and fact raised in this action concerning the Classes' claims include the following:

(a) Whether the text messages sent by DEFENDANT to Plaintiff, and members of the Classes' cellular telephone numbers, were transmitted using an Automatic Telephone Dialing System ("ATDS") or constituted prerecorded messages within the meaning of 47 U.S.C. §227(b)(1)(A);

(b) Whether the text messages were sent by DEFENDANT for an

emergency purpose;

(c) Whether DEFENDANT violated the TCPA;

(d) Whether DEFENDANT violated the FCCPA;

(e) Whether Plaintiff and the Classes are entitled to damages, declaratory relief and/or injunctive relief as a result of Defendant's violations of the TCPA and the FCCPA; and

(f) Whether DEFENDANT' conduct was knowing or willful.

44. Plaintiff asserts claims that are typical of each member of the Classes.

45. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained able counsel with extensive experience in prosecuting class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA. Plaintiff's interests are coincident with, and not antagonistic to, the interests of the Classes.

46. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class members, including legal and factual issues relating to liability and damages.

47. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct

for Defendant.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. Since the damages, or statutory damages, suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiff will encounter no difficulty in managing this action as a class action.

49. Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief to the Classes. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I

### VIOLATION OF THE TCPA

**(ON BEHALF OF PLAINTIFF AND THE NATIONAL TEXT MESSAGE CLASS)**

50. Plaintiff restates, realleges, and incorporates by reference the allegations in paragraphs 1 through 65, above, as if fully set forth herein.

51. Plaintiff and the members of the National Text Message Class are "persons" and "called part[ies]" under the TCPA.

52. Section 227(b)(1)(A) of the TCPA prohibits, in relevant part, the following acts:

> [T]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service[.]

47 U.S.C. §227(b)(1)(A)(iii).

.

53. DEFENDANT initiated each of the text messages to Plaintiff and the members of the National Text Message Class without obtaining their "prior express consent," as defined by the TCPA.

54. Additionally, DEFENDANT, or its agents, sent an automated pre-written text message to Plaintiff's wireless telephone number on multiple occasions that persisted for an unreasonable period of time even after Plaintiff demanded that DEFENDANT stop sending messages, thereby revoking any consent DEFENDANT

may have mistakenly believed it had, and after DEFENDANT acknowledged receipt of Plaintiff's request to cease sending text messages.

55. The foregoing acts and omissions of DEFENDANT, or its agents acting on its behalf, with respect to Plaintiff and the National Text Message Class violated the TCPA, including but not limited to Section 227(b)(1)(A).

56. The text messages sent by DEFENDANT, or its agents, to Plaintiff and the National Text Message Class were made for commercial purposes, and not emergency purposes.

57. Each of the text messages sent to Plaintiff's and the National Text Message Class members' wireless telephone numbers were transmitted using an ATDS and/or constituted a pre-recorded message within the meaning of 47 U.S.C. §227(b)(1)(A).

58. Plaintiff and the National Text Message Class are entitled to pursue claims against Defendant during the Class Period for an injunction pursuant to 47 U.S.C. §227(b)(3)(A), to enjoin Defendant's violations of TCPA § 227(b)(1)(A). Plaintiff and the National Text Message Class seek to enjoin DEFENDANT' violations of the TCPA.

59. Plaintiff and the National Text Message Class are entitled to pursue a private right of action under 47 U.S.C. § 227(b)(3)(for an award of statutory damages

in the amount of $500.00 for each violation by Defendant of 47 U.S.C § 227(b)(1)(A). To the extent Defendant's violations of § 227(b)(1)(A) of the TCPA were willful or knowing, Plaintiff and the National Text Message Class are entitled to an award of up to $1,500.00 for each violation. 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the National Text Message Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT II

### VIOLATIONS OF THE FCCPA

### (ON BEHALF OF PLAINTIFF AND THE FLORIDA CONSUMER CLASS)

61. Plaintiff restates, realleges, and incorporates by reference the allegations in paragraphs 1 through 65, above, as if fully set forth herein.

62. Plaintiff, and members of the Classes, are "consumers" as that term is defined by Fla. Stat. § 559.55(8).

63. Defendant is a "creditor" or "person" as that term is defined by Fla. Stat. § 559.55(5).

64. Defendant violated Fla. Stat. § 559.72(9), by initiating debt collection demands or communications with Plaintiff and Class members that never owed a

15

debt to Defendant or never had an account with Defendant and received debt collection communications.

65. Plaintiff, and members of the Classes are entitled to up to $1,000 in statutory damages for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members.

66. Additionally, Plaintiff and the Florida Consumer Class are entitled to an award of attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), or on an equitable basis to be paid through a "common fund" or similar theory.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray for judgment against DEFENDANT as follows:

A. An order certifying this case as a class action under FED. R. CIV. P. 23(a), (b)(2) and (b)(3), establishing the Classes as the Court deems appropriate, and appointing Plaintiff and her counsel to represent the Classes;

B. An order declaring that DEFENDANT', or its agents', acts and practices violate the TCPA and the FCCPA;

C. Statutory damages pursuant to the TCPA of $500.00 for each violation of the TCPA, and up to $1,500.00 for each of DEFENDANT' or its agents' willful

and/or knowing violations of the TCPA, as provided by statute;

D. Statutory damages pursuant to the FCCPA of up to $1,000 for each named Plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members;

F. A permanent injunction to enjoin future violations of the TCPA by DEFENDANT and its agents; and

G. Reasonable attorneys' fees and costs of this action, statutory pre-judgment interest, and such other further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury to the extent authorized by law.

**MANEY | GORDON**

*/s/David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No. 067249
Maney & Gordon, P.A.
101 East Kennedy Blvd.,
17th Floor, Suite 1700
Tampa, Florida 33602
Tel: (813) 221-1366
Fax: (813) 223-5920
d.mitchell@maneygordon.com

*and*

**CONSUMER LAW ATTORNEYS CORP.**

Christopher Hixson, Esquire
Florida Bar No. 41158
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
chixson@consumerlawattorneys.com
federalservice@consumerlawattorneys.com

*Attorneys for Plaintiff
and proposed Class Counsel*