UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80795-CIV-CANNON

**JUDY PARK** on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

**COMCAST CABLE COMMUNICATIONS, LLC**,

      Defendant.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On September 1, 2022, Defendant Comcast Cable Communications, LLC filed a Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Motion to Dismiss") [ECF No. 16]. Pursuant to Local Rule 7.1(c), Plaintiff's response to the Motion to Dismiss was due on or before September 15, 2022, yet Plaintiff did not file a response.

On September 19, 2022, in light of Plaintiff's failure to respond, the Court ordered Plaintiff to respond to the Motion to Dismiss on or before September 22, 2022, noting that failure to respond could be deemed sufficient cause to grant the motion by default [ECF No. 17 (citing S.D. Fla. L.R. 7.1(c)]. Plaintiff subsequently filed a Motion for Extension of Time to Respond [ECF No. 18]. The Court denied the Motion without prejudice because the Motion did not include a certificate of conference as required by Local Rule 7.1(a)(3) [ECF No. 19 (citing S.D. Fla. L.R. 7.1(a)(3)]. The Court then granted Plaintiff's Second Motion for Extension of Time to Respond [ECF No. 20] and set a deadline of October 9, 2022, for Plaintiff to respond to the Motion to Dismiss. That Order again reminded Plaintiff to include a certificate of conferral

CASE NO. 22-80795-CIV-CANNON

when seeking extensions, noting that "[f]ailure to comply will result in denial of noncompliant motions" [ECF No. 21]. Unfortunately, Plaintiff failed to file a response to the Motion to Dismiss by the extended deadline of October 9, 2022. And then Plaintiff filed a Third Motion for Extension of Time to Respond [ECF No. 22]—again failing to include a certificate of conference as required by the Local Rules [ECF No. 23 (citing S.D. Fla. L.R. 7.1(a)(3)]. The Court denied that third motion for failure to include the required conferral certificate [ECF No. 23], and now Plaintiff has filed yet another motion for extension without the required conferral certificate [ECF No. 24]. To date, Plaintiff still has not filed a Response to Defendant's Motion to Dismiss, all the while repeatedly violating Court admonitions to comply with the Local Rules.

A district court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). "The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.,* 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed repeatedly to comply with Court orders to confer and has failed to show good cause for that noncompliance.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is directed to **CLOSE** the case.

2. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

3. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Court orders.

CASE NO. 22-80795-CIV-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 18th day of October 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record